**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA,**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **OG LIVING, LLC**, a Florida limited liability company,<br><br>       Debtor. | CASE NO.: 24-22597<br><br>CHAPTER 11 |

<u>**AMENDED APPLICATION TO EMPLOY CHAD P. PUGATCH, ESQ. AND LORIUM**</u>
<u>**LAW AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**[1]</u>

      OG Living, LLC, a Florida limited liability company ("Debtor"), as a debtor in possession, moves, pursuant to 11 U.S.C. §§105(a), 327 and 330, and Federal Rule of Bankruptcy Procedure 2014, for entry of an order authorizing the employment of Chad P. Pugatch, Esq., and Lorium Law as counsel for the Debtor, effective as of the Petition Date and in support thereof states as follows:

      1.    On November 29, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code [Doc. 1].

      2.    The Debtor is operating its business as a debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108.

      3.    The Debtor desires to employ Chad P. Pugatch, Esq. ("Pugatch") of Lorium Law as its attorney in this case.

      4.    The Debtor believes that Pugatch is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

      5.    The professional services Pugatch and Lorium Law will render are summarized as follows:

---

[1]   The amendment is to the disclosures in paragraph 6 regarding the representation of certain creditors in unrelated matters.

(a) To give advice to the Debtor with respect to its powers and duties as a debtor in possession under Chapter 11 and the continued management of its business operations;

(b) To advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c) To prepare and/or defend motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(d) To protect the interest of the Debtor in all matters pending before the Court; and

(e) To represent the Debtor in negotiation with its creditors in the preparation of a plan and confirmation of same.

6.      To the best of Debtor's knowledge, neither Pugatch nor Lorium Law have any connection with the creditors or other parties in interest or their respective attorneys, other than De Lage Landen Financial Services, Inc. ("De Lage"), Hanmi Bank and Amur Equipment Finance, Inc. ("Amur"),   Lorium partner Richard Storfer routinely represents these entities in collection matters but not as to this Debtor.  Debtor financed equipment with De Lage which was surrendered to the creditor prepetition. Debtor believes the value of the collateral surrendered was sufficient to satisfy the claim in full. Notwithstanding, a waiver of conflict is being sought from De Lage which has routinely provided such waivers in the past. As to Hanmi Bank, the Debtor is leasing a 2022 Dodge Ram 1500 truck and a Toyota forklift. Debtor is leasing two 2022 Dodge Ram 2500 trucks from Amur. Debtor intends to retain all of the forgoing and make appropriate payments to retain the same. And as with De Lage, waivers of conflict are

2

also being sought from Hanmi Bank and Amur which have also routinely provided such waivers in the past.

7.      In light of the foregoing, Debtor asserts that neither said attorney nor said law firm represent any interest adverse to the Debtor.

8.      Upon being retained to represent Debtor in this Chapter 11 case, Pugatch and Lorium Law performed all of the necessary services to counsel and assist Debtor in preparing the Petition and other required documents to properly commence a case under Subchapter V of Chapter 11 of the United States Bankruptcy Code. Lorium incurred fees in the amount of $4,525.00, prior to the Petition Date, which was paid prepetition.

9.      The Debtor also paid Lorium Law a retainer of $3,475.00,  $1,737.00 of which has been allocated to pay for  legal serves, with the remaining $1,738.00 representing the filing fee.

10.     As such, attached to this *Application* as **Exhibit "A"**  is Pugatch's amended declaration and a verified statement as required under Bankruptcy Rule 2014 demonstrating that Pugatch and Lorium are disinterested as required by 11 U.S.C. § 327(a). Attached as **Exhibit "B"** is a copy of the retainer agreement entered into between Debtor, Pugatch and Lorium Law.

11.     The Debtor requests that the Court enter an order approving the *Amended Application* and thereby approving the employment of Pugatch and Lorium Law as counsel for the Debtor effective as of the Petition Date.

**WHEREFORE**, the Debtor, OG Living, LLC requests an order authorizing retention of Chad P. Pugatch, Esq. and Lorium Law on a general retainer, pursuant to 11 U.S.C. §§327 and 330, effective as of the Petition Date and granting such further relief that is proper under the circumstances.

Dated this 3rd day of December, 2024.

**OG LIVING, LLC**

By: /s/ *George John Wohlford*
George John Wohlford, Managing member

**LORIUM LAW**
*Proposed Counsel for the Debtor*
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone:    (954) 462-8000

By: /s/ *Chad P. Pugatch*
       Chad P. Pugatch
       Florida Bar No.:  220582
       cpugatch@loriumlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system and via U.S. Mail to the 20 largest unsecured creditors on the attached service list on this 3rd day of December, 2024.

By: /s/ *Jason E. Slatkin*
       Jason E. Slatkin

Progressive Screens
7839 Fruitville Road
Sarasota, FL 34240

Walt Harber
10341 Gulf Shore Dr
Naples, FL 34108-2029

American Express
P.O. Box 981535
El Paso, TX 79998-1535

Chase
P.O. Box 6026
IL1-1145
Chicago, IL 60680

Don Stallings
13614 Snapper Lane
Naples, FL 34114-8723

OC By the Sea, LLC
17098 Marydale Rd.
Port Charlotte, FL 33948

iKnow, Inc.
2750 Wildwood Lane
Fort Myers, FL 33905

George Cancico
1825 Ponce de Leon Boulevard
Unite No. 469
Coral Gables, FL 33034

Jeana O'Brien
7737 Paddy Hamilton Road
Belton, TX 76513

Southpointe Plantation
9155 South Dadeland Blvd.
Suite 1812
Miami, FL 33156

First Insurance Funding
450 Skokie Blvd.
Suite 1000
Northbrook, IL 60062-7917

Compact Pavers
P.O. Box 367955
Bonita Springs, FL 34136

Les Is More LLC
5241 SW 8th Court
Fort Lauderdale, FL 33317

WEX Bank
P.O. Box 4337
Carol Stream, IL 60197-4337

Anthony Kuester
12449 Destin Loop
Venice, FL 34293

Bottom Line Concepts, LLC
3323 NE 163rd Street
Suite 302
North Miami Beach, FL 33160

ProCFO Partners
295 Madison Ave.
12th Floor
New York, NY 10017

Barbara Mercer
14632 Sycamore Ct.
Unit 2622
Punta Gorda, FL 33955

Shawn Welch
17730 Hemlock St.
Palm Beach Gardens, FL 33410



EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA,**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **OG LIVING, LLC**, a Florida limited liability company, | CASE NO.: 24- |
| | CHAPTER 11 |
| Debtor. | |

**AMENDED DECLARATION OF PROPOSED COUNSEL FOR DEBTOR IN POSSESSION**

1.      My name is Chad P. Pugatch. All of the facts in this Declaration are based on my personal knowledge.

2.      I submit this Declaration pursuant to Administrative Order 2020-06 and 28 U.S.C. §1746 in support of the *Application to Employ Chad P. Pugatch and Lorium Law as Counsel for the Debtor Effective as of the Petition Date.*

3.      I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

4.      I am an attorney with Lorium Law ("Lorium") with offices located at 101 NE 3rd Avenue, Suite 1800, Ft. Lauderdale, Florida 33301.

5.       To the best of my knowledge, neither I nor Lorium Law have any connection with the creditors or other parties in interest or their respective attorneys other than De Lage Landen Financial Services, Inc. ("De Lage") and Hanmi Bank and Amur Equipment Finance, Inc. ("Amur"). Lorium partner Richard Storfer routinely represents these entities in collection matters but not as to this Debtor.  Debtor financed equipment with De Lage which was surrendered to the creditor prepetition. Debtor believes the value of the collateral surrendered was sufficient to satisfy the claim in full. Notwithstanding, a waiver of conflict is being sought from De Lage which has routinely provided such waivers in the past. As to Hanmi Bank, the Debtor is leasing a 2022 Dodge Ram 1500 truck and a Toyota forklift. Debtor is leasing two 2022 Dodge Ram 2500 trucks from Amur. Debtor

6

intends to retain all of the forgoing and make appropriate payments to retain the same. And as with De Lage, waivers of conflict are also being sought from Hanmi Bank and Amur which have also routinely provided such waivers in the past.

6.       In light of the foregoing, I assert that neither I, nor the firm, nor any attorneys in the firm represent any interest adverse to OG Living, LLC (the "Debtor") or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

7.       Neither I, nor the firm, nor any attorneys in the firm have any connections with the Debtor, any other creditors, any other party in interest, their respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8.       Except for the continuing representation of the Debtor, neither I nor Lorium nor any attorneys in the firm have or will represent any other entity in connection with this case and neither I nor the firm nor any attorneys in the firm will accept any fee from any other party or parties in this case, except the Debtor.

9.       Upon being retained to represent Debtor in this Chapter 11 case, I and Lorium performed all of the necessary services to counsel and assist Debtor in preparing the Petition and other required documents to properly commence a case under Subchapter V of Chapter 11 of the United States Bankruptcy Code. Lorium incurred fees in the amount of $4,525.00 prior to the Petition Date, which was paid pre-petition.

10.      The Debtor also paid Lorium Law a retainer of $3,475.00,  $1,737.00 of which has been allocated to pay for  legal serves, with the remaining $1,738.00 representing the filing fee.

11.      Thus, I and Lorium Law are disinterested as required by 11 U.S.C. § 327(a).

I declare under the penalty of perjury that the foregoing is true and correct.  Reviewed and executed in Broward County, Florida, on December 3, 2024.

/s/ *Chad P. Pugatch*
Chad P. Pugatch

7





101 N.E. THIRD AVENUE, SUITE 1800
FORT LAUDERDALE, FLORIDA 33301
(954) 462-8000
www.loriumlaw.com

November 21, 2024

**<u>VIA SCANNED EMAIL</u>**
OG Living, LLC
Attn: John Wohlford, Manager/ Member
317 Farmington Drive
Plantation, FL 33317
john@ogliving.net

Re:    <u>Chapter 11 - Retention Agreement</u>

Dear Mr. Wohlford:

This letter agreement ("Agreement") sets forth the terms pursuant to which Lorium PLLC has been retained by OG Living, LLC. to provide legal services as set forth below.

OG Living, LLC ("Debtor" or "Client") hereby retains and employs Lorium, PLLC ("Attorney"), as its attorney to represent it as Counsel in proceedings to be filed under Subchapter V of Chapter 11 ("Chapter 11") of the United States Bankruptcy Code in the Southern District of Florida.

Client hereby states that it has the authority to enter into this Agreement and to authorize this representation subject to Bankruptcy Court approval.

It is understood by Client that Attorney shall file a Chapter 11 petition, Statement of Financial Affairs, all related schedules, Chapter 11 Plan of Reorganization and Disclosure Statement, and other required documents in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") based upon full disclosure of all relevant items by Client, and shall perform the following services as they relate to the instant bankruptcy case:

1.      Prepare, on behalf of the Debtor, all necessary petitions, schedules, amendments, applications, motions, reports and other legal papers;

2.      Advise and counsel the Debtor concerning the operation of its business in compliance with chapter 11 and orders of the Bankruptcy Court;

3.      Prosecute and defend any causes of action on behalf of Debtor in Bankruptcy Court to the extent said actions are deemed necessary and/or appropriate to pursue in the

OG Living, LLC
November 21, 2024
Page **2** of **4**

_____

     Bankruptcy Court and related to these proceedings;

4.  Assist in the formulation of a plan of reorganization and the preparation of a disclosure statement; and

5.  Provide any other legal services as may be required by the Court or requested by the Debtor and agreed upon by Attorney, within the scope of Attorney's expertise.

  In addition to the filing of a Chapter 11 petition for Client, Attorney will file the papers necessary to defend all contested matters including motions for relief from the automatic stay with regard to any and all proceedings on property which is owned by Client. Client, however, agrees to furnish all necessary documentation and appraisals, if necessary, to allow Attorney to file said papers and defend said actions.

  Attorney's services shall also include negotiations with any trustee, the creditors and all committees, working with and cooperating with the Court and the Office of the U. S. Trustee, whose assistance may or may not be sought in these cases in order to facilitate and resolve the problems with regard to administrative matters.

  Attorney's services will <u>not</u> include responsibility for general corporate representation; specialized securities, admiralty or tax advice; or representation in non-bankruptcy litigation unless specifically agreed separately in writing.

  It is further understood by the Client, and by all signatories to this Agreement, that the representation to be provided by Attorney is for the benefit of the Debtor and not any other party or entity including the principals of the Debtor individually. The advice to be rendered and actions to be undertaken are solely to be in fulfillment of this responsibility.

  All representation to be provided by Attorney to Client shall be at Attorney's customary and usual hourly rates as set forth as Exhibit "A" attached hereto. It is acknowledged by Client that hourly rates are subject to periodic adjustment. It is further understood by Attorney and Client that all compensation to be provided pursuant to this Agreement is subject to approval of the Court in the Chapter 11 bankruptcy case upon fee applications to be filed with the Court. Client understands that Attorney customarily takes a retainer prepetition against which Attorney can draw for payment of fees and costs. Client has agreed to provide as a condition of representation a retainer of $25,000 plus the $1,738 filing fee. Wire transfer instructions to Attorney's trust account are attached. Client understands that this is a retainer only and that ultimately fees and costs are determined by the Court for Attorney as well as the Subchapter V Trustee and are Client's responsibility to pay either upon confirmation or through the confirmed Plan.

  Attorney maintains its files in electronic format. This means that all court papers, correspondence, etc. are scanned into a computer database where they are maintained and the original is discarded (except for those occasions where an original document is necessary).

OG Living, LLC
November 21, 2024
Page **3** of **4**

---

Consistent with this policy, you acknowledge that this engagement letter shall be scanned and retained on our computer database, that we will not retain the original and that the scanned version of this engagement letter may be used in any court proceeding as if it were the original.

We appreciate your confidence in our firm and trust that the above accurately reflects our mutual understanding of the terms under which we have agreed to undertake Client's representation and, if so, we would appreciate your executing the enclosed copy of this letter and returning it along with the required retainer payment. Once this letter is received signed by you and the retainer is paid into Attorney's Trust Account, we will view our firm as being retained on your behalf.

Client hereby agrees to the payment terms and conditions of this representation.

Yours very truly,
LORIUM, PLLC

*Chad Pugatch*

Chad P. Pugatch
For the Firm

**CLIENT ACKNOWLEDGES THAT THIS ENGAGEMENT LETTER SHALL BE SCANNED AND THAT LORIUM PLLC MAY NOT RETAIN THE ORIGINAL OF THIS ENGAGEMENT LETTER.**

I HEREBY ACKNOWLEDGE THAT I HAVE READ AND ACCEPTED THE FOREGOING AGREEMENT, ON THIS ___25___ DAY OF NOVEMBER 2024.

OG Living, LLC

By: _____
John Wohlford, Manager/ Member

OG Living, LLC
November 21, 2024
Page **4** of **4**

---

**EXHIBIT "A"**

| 2024 Rack Rates | |
|---|---|
| **Attorney Name** | **Rate** |
| | |
| Adam Marshall | $                    450.00 |
| Adnan Shams | $                    450.00 |
| Arthur Rice | $                    750.00 |
| Brent Chudachek | $                    300.00 |
| Chad Pugatch | $                    550.00 |
| Craig Pugatch | $                    450.00 |
| George Zinkler | $                    300.00 |
| Greg Mitchell | $                    350.00 |
| Jason Slatkin | $                    375.00 |
| Jenna Young (Paralegal) | $                    135.00 |
| Jennifer Gordon | $                    350.00 |
| Joe Garrity | $                    450.00 |
| Joe Grant | $                    450.00 |
| Lanie Bandell | $                    250.00 |
| Michael Karsch | $                    450.00 |
| Richard Storfer | $                    400.00 |
| Richelle Levy | $                    300.00 |
| Riley Cirulnick | $                    300.00 |
| Ronald Cohen | $                    400.00 |
| Sandy Fallas (Paralegal) | $                    160.00 |